**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PHYLLIS BALL, by her General Guardian, PHYLLIS BURBA, et al., | : : : | Case No. 2:16-cv-282 |
| Plaintiffs, | : : | JUDGE EDMUND A. SARGUS |
| v. | : : | MAGISTRATE JUDGE ELIZABETH A. PRESTON DEAVERS |
| JOHN KASICH, Governor of Ohio, in his official capacity, et al., | : : : | |
| Defendants. | : : : | |

---

**MOTION TO DISMISS OF DEFENDANT KEVIN MILLER**

---

Defendant Kevin Miller, Director of Opportunities for Ohioans with Disabilities, moves for dismissal of this putative class action pursuant to Rule 12(b)(6) because federal law prohibits attorneys associated with the Disability Rights Ohio agency from bringing any class action related to federally-funded vocational and rehabilitation services.  Disability Rights Ohio plays a special role in assisting clients of the vocational services it seeks to challenge here.  It is the agency designated under federal law to provide assistance to clients and applicants of the State of Ohio's vocational rehabilitation services.  This role comes with substantial federal funds, but with those funds comes an important limitation: The agency cannot "bring any class action lawsuit in carrying out its responsibilities" to the clients of federally funded vocational services. 29 U.S.C. § 732(d).  By filing this putative class action lawsuit, attorneys employed by Disability Rights Ohio have openly flouted this limitation.  The action should be dismissed.  A memorandum in support follows.

Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

s/ Jeffrey Jarosch_____
JEFFREY JAROSCH (0091250)*
  *Trial Attorney
ALLAN SHOWALTER (0084032)
Assistant Attorneys General
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
(614) 466-8600 — phone
(866) 471-2611 — fax
jeffrey.jarosch@ohioattorneygeneral.gov
allan.showalter@ohioattorneygneral.gov
Counsel for Defendants

2

<u>**MEMORANDUM IN SUPPORT**</u>

Federal law prohibits plaintiffs' counsel from bringing this action and it must be dismissed.  Disability Rights Ohio receives federal funds as Ohio's client assistance program for vocational rehabilitation services.  The designated client assistance program may not bring a class action related to vocational rehabilitation services.  29 U.S.C. § 732(d).  Because all three attorneys who filed Plaintiffs' complaint are employed by Disability Rights Ohio, they violated federal law by bringing this putative class action.  Because Disability Rights Ohio violated federal law by bringing the action, this Court may not grant the relief sought by the putative class, and the action must be dismissed.

**A.**     **Plaintiffs' class action complaint, filed by Disability Rights Ohio, challenges Ohio's vocational rehabilitation system.**

In this putative class action, plaintiffs assert that the type, location, and amount of vocational rehabilitation services provided by the State of Ohio violate state and federal laws. *See* Complaint, doc. 1 ¶¶ 143-175.  They seek certification of a class, declarations that defendants, including Director Miller, are violating federal law, and a permanent injunction. *Id.* at 58-59.  Director Miller is included in the complaint solely because of his alleged role in overseeing the State of Ohio's vocational rehabilitation services.  *See id.* ¶¶ 94-96.  Plaintiffs make no allegations that he is involved in any way other than his role related to vocational rehabilitation services.

Three attorneys, each associated with Disability Rights Ohio, appear in the complaint's signature block as "Counsel for Plaintiffs."  *Id.* at 59.  Six other individuals are listed as "of counsel," but these six did not sign the complaint.  *Id.* at 60.  Since the complaint was filed on March 31, 2016, five of these six individuals have been granted leave to appear *pro hac vice*. Docs. 5, 8.

**B.** **Congress funds client assistance for vocational rehabilitation services. Recipients of those funds may not bring "any class action" related to the assistance and advocacy for which they receive federal funding.**

As plaintiffs note, "[u]nder the Rehabilitation Act, the federal government partially reimburses states for the costs of their vocational rehabilitation programs." *Id.* ¶ 94. In order to receive that federal funding, states must have "in effect a client assistance program which—(1) has the authority to pursue legal, administrative, and other appropriate remedies . . . ." 29 U.S.C. § 732(b). This client assistance program is meant

> to provide assistance in informing and advising all clients and client applicants of all available benefits under [Chapter 16 of Title 29 of the United States Code, "Vocational Rehabilitation and Other Rehabilitation Services,"] and, upon request of such clients or client applicants, to assist and advocate for such clients or applicants in their relationships with projects, programs, and services provided under this chapter, including assistance and advocacy in pursuing legal, administrative, or other appropriate remedies to ensure the protection of the rights of such individuals under this chapter and to facilitate access to the services funded under this chapter through individual and systemic advocacy.

29 U.S.C. § 732(a). Subsection (c) of the law requires the Governor of the State to designate one agency "to conduct the client assistance program."

In granting funds for client assistance under 29 U.S.C. § 732, Congress imposed a straightforward limitation on the agencies receiving that money: "The agency designated under subsection (c) of this section may not bring any class action in carrying out its responsibilities under this section." 29 U.S.C. § 732(d); *see also* 34 C.F.R. § 370.45.

**C.** **Disability Rights Ohio is Ohio's client assistance program for vocational rehabilitation services. By bringing this putative class action, it has flouted the restriction imposed by Congress.**

As the designated client assistance program, Disability Rights Ohio has accepted federal funds under 29 U.S.C. § 732. *See* Ohio Exec. Order No. 2015-10K, http://www.governor.ohio.gov/Portals/0/pdf/executiveOrders/Executive%20Order%202015-

4

10K.pdf (designating "the Ohio Disability Rights Law and Policy Center, Inc. . . . doing business as 'Disability Rights Ohio'" as Ohio's client assistance program under the 29 U.S.C. § 732); Disability Rights Ohio, Client Assistance Program (CAP), http://www.disabilityrightsohio.org/cap-program (last visited May 6, 2016) ("Since October 1, 1998, Disability Rights Ohio . . . has been designated as the Client Assistance Program (CAP), which is also mandated by federal law.").

Despite the clear limitation imposed by federal law, attorneys from Disability Rights Ohio brought this putative class action—the very act prohibited by Congress. This case must be dismissed. In the alternative, this Court could disqualify the three attorneys from Disability Rights Ohio and prohibit them from any further participation in this case.


Respectfully submitted,

MICHAEL DEWINE
Ohio Attorney General

s/ Jeffrey Jarosch
JEFFREY JAROSCH (0091250)*
  *Trial Attorney
ALLAN SHOWALTER (0084032)
Assistant Attorneys General
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
(614) 466-8600 — phone
(866) 471-2611 — fax
jeffrey.jarosch@ohioattorneygeneral.gov
allan.showalter@ohioattorneygneral.gov
Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 9, 2016, a copy of the foregoing Motion to Dismiss was filed electronically and, through the Court's electronic filing system, was served upon all counsel of record.

s/ Jeffrey Jarosch_____
JEFFREY JAROSCH (0091250)
Assistant Attorney General
