IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHYLLIS BALL, et al.,
    Plaintiffs,

v.

    Civil Action 2:16-cv-282
    Chief Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

JOHN KASICH, et al.,
    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiffs' Motion to Quash Subpoena of Defendant Ohio Department of Developmental Disabilities ("DODD") and/or Motion for an Order Limiting Discovery ("Plaintiffs' Motion to Quash Subpoena") (ECF No. 82), Defendant DODD's Memorandum in Opposition to Plaintiffs' Motion to Quash Subpoena (ECF No. 83), Plaintiffs' Reply in Support of their Motion to Quash Subpoena (ECF No. 85), and Defendant DODD's Sur-Reply in Opposition to Plaintiffs' Reply in Support of their Motion to Quash Subpoena (ECF No. 88). For the reasons that follow, the Court **GRANTS** Plaintiffs' Motion to Quash Subpoena.

I.

This case was filed on March 31, 2016, by Plaintiffs Phyllis Ball, Antonio Butler, Caryl Mason, Richard Walters, Ross Hamilton, Nathan Narowitz, and the Ability Center of Greater Toledo on behalf of themselves and other similarly situated individuals with intellectual and developmental disabilities who are institutionalized or at serious risk of institutionalization in large Intermediate Care Facilities ("ICFs") with eight or more beds throughout Ohio. Plaintiffs allege violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1973 as amended, 29 U.S.C. § 794(a), the Social

Security Act, 42 U.S.C. §1396n, and *Olmstead v. L.C.*, 527 U.S. 581 (1999). (Compl. ¶ 1, ECF No. 1.) The action is brought against Defendants Governor John Kasich, Director of Opportunities for Ohioans with Disabilities Kevin Miller, Director of the Ohio Department of Medicaid John McCarthy, Director of the Ohio Department of Developmental Disabilities John Martin, and the Ohio Association of County Boards Serving People with Developmental Disabilities. *Id.*

Plaintiffs allege that Defendants' administration of Ohio's service system for people with intellectual and developmental disabilities have left thousands of Ohioans unnecessarily institutionalized or at serious risk of institutionalization in violation of federal law. Plaintiffs assert that federal law entitles them to receive services in the most integrated setting appropriate, but that Defendants have failed to provide sufficient integrated community-based services necessary to avoid their institutionalization in large ICFs. Plaintiffs seek declaratory and injunctive relief compelling Defendants to modify Ohio's service system for persons with intellectual and developmental disabilities by providing reasonable access to integrated community-based services.

On August 22, 2016, six individual Plaintiffs sought class certification pursuant to Federal Rule of Civil Procedure 23. (ECF No. 42.) Nathan Narowitz was among the individuals purporting to represent the interests of the putative class. On September 21, 2016, this Court ordered the parties to proceed only with class-based discovery. (ECF No. 52.)

On January 11, 2017, DODD served six subpoenas on various County Boards of Developmental Disabilities serving the six individually named Plaintiffs. These subpoenas sought medical records and case notes related to each of the named Plaintiffs who purport to represent the interests of the putative class as a whole. (ECF No. 82-1.)

2

On January 17, 2017, Plaintiffs filed an unopposed motion to withdraw Mr. Narowitz as a named Plaintiff. (ECF No. 80.) The Court granted Plaintiffs' unopposed motion the following day. (ECF No. 81.) Plaintiffs asked DODD to withdraw its subpoena for Mr. Narowitz' medical records. DODD refused to withdraw the subpoena. In response, Plaintiffs filed their Motion to Quash Subpoena, which is ripe for review.

## II.

Rule 45(d) of the Federal Rules of Civil Procedure governs motions to quash subpoenas. The Rule requires that "[o]n timely motion," the Court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(ii), (iii). The movant bears the burden of persuasion on a motion to quash the subpoenas. *Black v. Kyle-Reno*, 1:12-CV-503, 2014 WL 667788, at *1–2 (S.D. Ohio Feb. 20, 2014) (citing *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251 (S.D. Ohio 2011)).

## III.

Plaintiffs contend that they and Mr. Narowitz have standing to object to the subpoena on, *inter alia*, relevancy grounds.

### A. Standing

DODD correctly notes that "[a]bsent a personal right or claim of privilege, a party has no standing to challenge a subpoena to a nonparty." (Def.'s Mem. in Opp. at 3, ECF No. 83) (citing *Novovic v. Greyhound Lines, Inc.*, 2:09-CV-00753, 2012 U.S. Dist. LEXIS 9203, at *23 (S.D. Ohio Jan. 26, 2012). DODD admits that, "[c]learly, Mr. Narowitz has standing to challenge a subpoena seeking his medical records." *Id.* at 4. DODD maintains that "Mr. Narowitz has withdrawn as a named Plaintiff in this case and is no longer represented by Plaintiffs' counsel." *Id.* Therefore, DODD concludes that standing is lacking.

3

Plaintiffs, however, have submitted an affidavit of counsel that avers that Mr. Narowitz has provided authorization for continued representation to Plaintiffs' counsel. (Aff. of Kevin Truitt, Esq. ¶ 7, ECF No. 85-1.) Consequently, Mr. Narowitz is moving to quash the subpoena directed at obtaining his personal medical records and, as all agree, he has standing to do so.

**B.     Relevancy**

"Rule 45 does not list irrelevance or overbreadth as reasons for quashing a subpoena. Fed.R.Civ.P. 45(d)(3). However, courts have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Id.* (citing *Hendricks*, 275 F.R.D. at 253). Rule 26 provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "Thus, the Court must determine whether the subpoena requests are overly broad or seek irrelevant information under the same standards set forth in Rule 26(b) and Fed. R. Civ. P. 34, which governs requests for production." *Black*, 2014 WL 667788, at *2 (citations omitted).

Plaintiffs assert, among other things, that the medical information sought by DODD is not material or relevant to this court's class certification analysis since Mr. Narowitz withdrew as a named Plaintiff in this action, effective January 18, 2017, leaving him only as a member of the putative class. Contrarily, DODD contends that Mr. Narowitz's medical records are relevant, stating:

4

> Mr. Narowitz' decision to become a putative class member does not render his medical records any less probative since these records can continue to shed light on whether class certification is warranted for those putative class members who allege they are "at risk" of institutionalization. For example, DODD should be able to review his medical records to discern whether: (1) there is a meaningful difference between Mr. Narowitz and Mr. Hamilton's medical conditions that would make class treatment for certain "at risk" plaintiffs inappropriate; (2) a review of Mr. Narowitz' medical records reveal that the "at risk" class is not sufficiently ascertainable; and (3) the Plaintiffs claims can be adequately redressed with injunctive relief. This information is well within the relevancy standard set forth by Rule 26.

(Def.'s Mem. in Opp. at at 6–7, ECF No. 83.) Additionally, DODD maintains that this "limited set of medical records" is relevant because it is "exactly equivalent to what the Plaintiffs already deemed relevant enough to collect unilaterally." *Id.* at 7. Finally, DODD asserts that because "Mr. Narowitz initially purported to represent the interest of all putative class members who were 'at serious risk of institutionalization' he "has been an active and willing participant as a named Plaintiff, and—by definition—put his medical condition at issue for the purposes of this case."

Plaintiffs argue that DODD's position (*i.e.*, that Mr. Narowitz's records are needed in order to determine the ascertainability of the putative class and whether the class claims can be adequately redressed with injunctive relief) misconstrues the standard applicable under Rule 23. Plaintiffs explain that "the cohort of putative class members can be identified using objective measures and are therefore sufficiently ascertainable, particularly where only prospective, injunctive relief is sought." (Pls.' Reply at 4, Doc 85 at 4.) Further, Plaintiffs contend that their unilateral collection of the medical records was for the purpose of responding to DODD's discovery requests for that information and reflects nothing about whether Plaintiffs agree that the information is relevant to the class certification analysis. Plaintiffs' arguments are well taken.

5

Plaintiffs have described individuals at serious risk of institutionalization as those who have applied for, or are referred for admission to, a large ICF, or who are placed in specific waiting list categories defined by state regulation. (Pls.' Mot. for Class Cert. at 26–27, ECF No. 42.) The only review of medical records relevant to the class certification analysis is whether the individual applied for, or was referred for admission to, a large ICF, or if the individual had been placed in any of the defined waiting list categories. There is no need whatsoever to determine the exact medical condition of the individual who applied for, or who was referred to, a large ICF, or had been placed on the defined waiting list categories.

Additionally, DODD's assertion that Mr. Narowtiz's individual medical records are necessary to determine whether the Plaintiffs' claims can be adequately redressed with injunctive relief misapprehends the Rule 23 inquiry. That is, Rule 23(b)(2), examines a defendant's actions and/or inactions, and the extent to which the class claims can be remedied by a single injunctive order. "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Plaintiffs allege that "Defendants administer, operate, fund, and plan their system of services for people with intellectual and developmental disabilities in a discriminatory manner by failing to provide the community-based services required by the Plaintiff class to avoid their unnecessary institutionalization." (Pl. Mot. for Class Cert. at 43, ECF No. 42.) To that end, Plaintiffs contend that "Defendants' decision to license, fund, and maintain an excessive number of segregated ICF placements, when coupled with their inadequate funding for and provision of home and community-based services," amounts to a

systemic policy and practice that harms the putative class as a whole. *Id.* The Court finds these allegations are generally applicable to the proposed class.

Moreover, even if Mr. Narowitz's records were relevant to the class certification analysis, this relevance is not "proportional to the needs of the case" since DODD has the medical records for the other six named plaintiffs. Fed. R. Civ. P. 26(b)(1). Thus, even if Mr. Narowitz's willing participation put his medical condition at issue, he no longer purports to represent the interests of the class and the other individuals who do purport to represent the interests of the class have provided DODD their medical information. And, it is not disputed that DODD already has substantial information within its control about the circumstances and needs of unnamed putative class members who are alleged to be at serious risk of institutionalization in this action, including waitlist data, which it may present to the Court as it considers the appropriateness of class treatment.

Last, Plaintiffs' decision to obtain these medical records to respond to DODD's request for them provides no information as to whether Plaintiffs believe them to be relevant to the class certification analysis. Nor does Plaintiffs belief as to relevance, if indeed their decision to respond to DODD's discovery request reflects any belief as to relevance, provide any basis for this Court to find the medical records relevant to the class certification analysis.

## IV.

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion to Quash Subpoena, and hereby **SQUASHES** the subpoena issued on behalf of DODD to obtain the medical records of putative class member Nathan Narowitz. (ECF No. 82.)

**IT IS SO ORDERED.**

5-10-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7