IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHYLLIS BALL, et al.,

    Plaintiffs,

v.

JOHN KASICH, et al.,

    Defendants.

Case No. 2:16-cv-282
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## ORDER

This matter came before the Court for a settlement conference on June 11 and 12, 2018. At that conference, the parties first addressed the definition of the class, asking for clarification from the Court. The class definition has been a disputed topic since the Court issued its decision granting in part the plaintiffs' request to certify a class under Rule 23 of the Federal Rules of Civil Procedure. (ECF No. 303.) The Court takes this opportunity to memorialize its clarification of this issue made at the last conference it held in this case.

By way of background, the parties brought the disagreement as to the class definition to the Court at a status conference held on May 2, 2018. The Court memorialized that conference in an order that clarified the class definition as follows:

### A.    Class Definition

> In the parties' suggested agenda topics submitted to the Court, it was clear that there is a disagreement as to this Court's definition of the class it certified. In its decision on class certification, the Court narrowed the proposed class definition as follows:
>
>> All Medicaid-eligible adults with intellectual and developmental disabilities residing in the state of Ohio who, on or after March 31,

> 2016, are qualified for home and community-based services, and, after receiving options counseling, express that they are interested in community-based services.
>
> 1. At the status conference, the Court clarified its class definition as follows:
>
>    a. "Interested in" means affirmatively state that they want community-based services.
>
>    b. "Options counseling" means the counseling that is currently being utilized.
>
> 2. Thus, to be class members, the individuals:
>
>    a. Must be Medicaid-eligible adults with intellectual and developmental disabilities residing in the state of Ohio who, on or after March 31, 2016, are qualified for home and community-based services; and
>
>    b. Must have received options counseling; and
>
>    c. Must have affirmatively stated that they want community-based services, and have not had them provided.

(ECF No. 309 at 1–2.)

At the start of the mediation on June 11, 2018, the parties again asked the Court to clarify the class definition. The Court explained that the issue of the sufficiency of the options counseling "was not certified for class purposes." (Tr. at 3, ECF No. 323[1].) The class consists of individuals who already received the options counseling as it is provided by the defendants. The Court specified that the plaintiffs' claim that the defendants "failed to meaningfully inform" the plaintiffs "about feasible alternatives to institutional care" brought in the "Free Choice" claim was certainly a live claim, but with regard to

---

[1] The Court notes that it permitted this transcript to be filed under seal because the parties engaged in confidential mediation at this conference. The Court herein does not reference any aspect of the conference that was confidential.

regard to individually-named plaintiffs only. (*Id.*); (Compl. ¶¶ 219–220) ("Third Claim for Relief: Violation of the Social Security Act's "Free Choice" Provision under 42 U.S.C. § 1396n(c)(2)(B)&(C)").

**IT IS SO ORDERED.**

9-24-2018
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**