**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **PHYLLIS BALL,** *et al.*, | : | **Case No.:  2:16-cv-282** |
| **Plaintiffs,** | : | **Chief Judge Sargus, Jr.** |
| **v.** | : | **Magistrate Judge Deavers** |
| **MIKE DEWINE,** *et al.*, | : | |
| **Defendants.** | : | |
| **and** | : | |
| **GUARDIANS OF HENRY LAHRMANN,** *et al.*; **OHIO ASSOCIATION OF COUNTY BOARDS,** | : | |
| | : | |
| **Defendant-Intervenors.** | : | |

---

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

---

### I.      WHAT IS THIS NOTICE ABOUT?

This notice is to inform you of a proposed Class Action Settlement Agreement ("Settlement Agreement") in the case of *Ball v. DeWine*.  Class members are entitled to notice and an opportunity to object to, or comment on, the proposed Settlement Agreement.  The Court has preliminarily approved the Settlement Agreement and scheduled a hearing for 10:00 A.M. on Thursday, July 11, 2019.  The Court will determine whether the Settlement Agreement is fair, reasonable, and in the best interests of the class members.

### II.     WHO IS AFFECTED BY THIS LAWSUIT?

You are a member of the class and this notice applies to you if you are an adult with intellectual and developmental disabilities living in Ohio, and you:

- are Medicaid-eligible;

- are qualified for home and community-based services;

- have received options counseling[1]; and

- have affirmatively stated that you want community-based services, and have not had them provided.

This proposed Settlement Agreement is meant to inform individuals of their service options, but it does not require any individual to choose home and community-based waiver services. Individuals may still choose to enter an intermediate care facility ("ICF"), or to remain in an ICF. As described in more detail below, individuals who do not express a preference for community-based waiver services are not class members in this action.

## III.     BACKGROUND

### A.       Who is involved in the lawsuit?

The lawsuit is called *Ball v. DeWine*. Several people in ICFs who want to live and receive services in the community filed this lawsuit along with an organization called The Ability Center of Greater Toledo. These are the plaintiffs. Their attorneys are Disability Rights Ohio, the Center for Public Representation, Sidley Austin LLP, and Sam Bagenstos.

The defendants are the Governor of Ohio and the Directors of three state agencies: the Ohio Department of Developmental Disabilities ("The Department"), the Ohio Department of Medicaid, and Opportunities for Ohioans with Disabilities. The Department is in charge of helping people with intellectual and developmental disabilities get the services they want and need. Two groups joined in the lawsuit as intervenors: the Ohio Association of County Boards of Developmental Disabilities ("OACBDD"), and a group of guardians of people in ICFs.

---

[1] Under the proposed Settlement Agreement, pre-admission counseling is conducted by local county boards of developmental disabilities, and options counseling is currently conducted through the DODD's contract with CareStar or by APSI for individuals served by the public guardianship agency.

**B.     What is the lawsuit about?**

The plaintiffs filed a class action Complaint on behalf of themselves and others similarly situated alleging that people across Ohio who are in ICFs but want to live in the community cannot due to limited community-based services and that this violates the Americans with Disabilities Act and other federal laws.

The class in *Ball v. DeWine* is defined as follows:

> All Medicaid-eligible adults with intellectual and developmental disabilities residing in the State of Ohio who, on or after March 31, 2016, are qualified for home and community-based services, and, after receiving options counseling, express that they are interested in community-based services.

## IV.     WHAT WOULD THE PROPOSED SETTLEMENT AGREEMENT DO?

After careful consideration, and detailed negotiations, the parties have decided to settle this case instead of going to a trial.  The proposed terms of this agreement have been written down in a document called a Comprehensive Settlement Agreement.  Specifically, this Agreement will:

**A.     Expand options counseling and pre-admission counseling programs.**

The two counseling programs provide people with information about community-based waivers and the opportunity to discuss their options to receive services in the community.  The Department will extend these programs to people who live in eight-bed ICFs.

**B.     Maintain peer-to-peer and family-to-family programs and exploratory community visits for people who have not yet made a decision.**

The Department will continue to fund programs that connect people who are considering community living with families and individuals who are already living and working in community settings.  The Department will continue to provide opportunities to visit community programs and see what types of service options exist in a person's preferred geographic area.

**C.      Expand access to state-funded Individual Options waivers for people who choose a waiver.**

The Department will seek funding to provide a total of 700 waiver slots over the first two years of the agreement.  For the next two years, the Department will request additional funds based on an assessment of the future needs of people across Ohio.

**D.      Support and expand programs for integrated, affordable housing, and integrated employment and day services.**

Under the Settlement Agreement, the Department will provide $24 million in capital housing assistance for State Fiscal Years (SFY) 2019 and 2020, to be primarily available for people receiving exit, diversion or conversion waivers.  In SFY 2021 and 2022, the Department will project the continuing need for capital assistance and request budgetary approval, for not less than $12 million dollars.  In addition, the Department will request $250,000 to fund new transformation grants for providers delivering integrated day and employment services.

**E.      Continue follow-along visits for people after they have left ICFs.**

Under this program, the Department Community Resource Coordinators visit people who have moved to the community to assist in resolving any service problems they may have.  These visits occur 60, 180 and 365 days after transition from an ICF of 8 or more beds.

***

This notice is only a summary of the main points of the proposed Comprehensive Settlement Agreement.  If you want a copy of the entire Settlement Agreement, you can call Disability Rights Ohio (DRO) at (614) 466-7264 or (800) 282-9181 or visit DRO's website at http://www.disabilityrightsohio.org.  You can also obtain a copy of the Settlement Agreement from any county board of developmental disabilities, or by visiting the Department's website at www.dodd.ohio.gov.

4

## V. HOW WILL THE COURT DECIDE WHETHER TO APPROVE THE PROPOSED SETTLEMENT AGREEMENT?

The Court has preliminarily approved the proposed Comprehensive Settlement Agreement, but it must still give final approval.  As a class member, you can tell the parties and the Court if you support or object to the proposed Settlement Agreement.  If you wish to submit letters in support of, or to object to, the Settlement Agreement, you must:

- write a letter saying what you like or do not like about the proposed Settlement Agreement;

- mail your letter to counsel for the parties:

  Disability Rights Ohio, 200 Civic Center Drive, Suite 300, Columbus, OH 43215 (plaintiffs' counsel);

  Christopher R. Green at Crabbe, Brown & James LLP, 500 S. Front St., Suite 1200, Columbus, Ohio 43215 (state defendants' counsel);

  Franklin J. Hickman at Hickman & Lowder Co., LPA, 1300 E. 9th Street, Suite 1020, Cleveland, Ohio 44114 (OACBDD's counsel);

- if you want to testify at the fairness hearing, you must state so in your letter; and

- the parties' counsel must receive your letter by [30 days from the Court's order preliminarily approving the parties' proposed settlement agreement].

You may send your comments or objections in an alternative format (such as audio, video or by email) if you need these accommodations for your disability.  If you have questions about this, you can contact Disability Rights Ohio at (614) 466-7264 or (800) 282-9181.  You should not call the Judge about this case.  The parties will file all timely and properly-submitted objections and comments with the Court.

You should include your name and contact information so that the Court or the attorneys may contact you if necessary.  The letter you send may be publicly available, so you should not include other personal information in it, like your Social Security number, your date of birth, or medical information.

A guardian of the person may object on behalf of a class member, but must state in the objection that he or she is the guardian of the person and the name of the class member.

A fairness hearing will be held on Thursday, July 11, 2019 at 10:00 A.M., before the Honorable Chief Judge Edmund A. Sargus, Jr. of the United States District Court for the Southern District of Ohio, Eastern Division, in Columbus, Ohio.  At this hearing, the Judge will consider whether the Settlement is a fair and adequate way to resolve the claims of the plaintiff class.  You are welcome to attend this hearing.

Additional information about this lawsuit is available on DRO's website at http://www.disabilityrightsohio.org, including the complaint, the Court's decisions on class certification and motions to dismiss, and the parties' Joint Motion for Preliminary Approval of the Settlement Agreement.  If you have any questions about this notice or the proposed Settlement Agreement, you can contact Disability Rights Ohio at (614) 466-7264 or (800) 282-9181.