IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHYLLIS BALL, et al.,**

    **Plaintiffs,**

    v.

**JOHN KASICH, et al.,**

    **Defendants.**

**Civil Action 2:16-cv-282**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Elizabeth P. Deavers**

## OPINION AND ORDER

This matter is before the Court on the Joint Motion for Rule 54(b) Certification (ECF No. 478) filed by the Plaintiffs, the Defendants, and the County Board Intervenors, and a Response in Opposition filed by the Guardian-Intervenors (ECF No. 481). For the reasons that follow, the Court **GRANTS** the joint motion.

I.

**A.**     **Parties and Class**

On March 31, 2016, six individuals and the Ability Center of Greater Toledo ("Plaintiffs") filed this action seeking declarative and injunctive relief against the following in their official capacities: the Governor of Ohio and the Directors of the Ohio Department of Developmental Disabilities, the Ohio Department of Medicaid, and Opportunities for Ohioans with Disabilities ("Defendants").

1

Each of the Defendants moved for dismissal of the Plaintiffs' claims for failure to state a claim upon which relief can be granted. (ECF Nos. 16, 27, 28.) The Court granted in part and denied in part those motions. (ECF No. 90.)

The Named Plaintiffs sought to represent a class of similarly situated individuals with intellectual and developmental disabilities pursuant to Federal Rule of Civil Procedure 23(b)(2). The Defendants opposed class certification.

On July 25, 2017, the Court granted the request to intervene by the Ohio Association of County Boards of Developmental Disabilities ("County Board-Intervnors") and a group of guardians of individuals with disabilities who are not part of the class of individuals for whom the Plaintiffs sought to represent ("Guardian-Intervenors"). The Guardian-Intervenors also opposed class certification.

After two years of litigation, extensive class-based discovery, and extensive class certification briefing (ECF Nos. 42, 53, 92, 94, 273, 275, 276, 278–81, 283, 291, 293, 293, 300), the Court granted in part and denied in part the Plaintiffs' request for class certification, certifying a class ("Plaintiff Class") consisting of the following:

> All Medicaid-eligible adults with intellectual and developmental disabilities residing in the state of Ohio who, on or after March 31, 2016, are qualified for home and community-based services, and, after receiving options counseling, express that they are interested in community-based services.

(ECF No. 303). After continued briefing (ECF Nos. 308, 344, 357, 358, 366), the Court clarified its decision on class certification several times (ECF Nos. 309, 332, 371).

The Defendants and the County Board-Intervenors moved for dismissal of the Guardian-Intervenors' claims for failure to state claims upon which relief can be granted. (ECF Nos. 353, 354, 355.) At the request of the parties, the Court withheld consideration of the motions directed at the Guardian-Intervenors' claims so that the parties could engage in settlement negotiations.

**B.      Settlement**

Following extensive arms-length negotiations, including mediations held with this Court, all parties entered into a settlement as a complete and final resolutions of all matters.  The Settlement Agreement was drafted to provide specific benefits to the Plaintiff Class and the Guardian-Intervenors in exchange for voluntary dismissal of their claims against the Defendants.

The Court then granted the unopposed request of the Plaintiffs, the Defendants, and the County Board-Intervenors ("Moving Parties") for Preliminary Approval of the Class Action Settlement Agreement (ECF Nos. 396, 407, 408) on October 18, 2019 (ECF No. 409).

The following month, the Guardian-Intervenors withdrew from their agreement to settle.

**C.      Fairness Hearing**

The Court held a Fairness Hearing on the Proposed Final Settlement Agreement on December 17, 2019.  At that Hearing, there were no objections by any class members.  The Guardian-Intervenors had numerous objectors present and each was permitted to speak, giving his or her reasons for objecting to the Settlement Agreement.  Following the Fairness Hearing, the Court suggested modifications to the Settlement Agreement to alleviate the concerns of those whose interests are aligned with the Guardian-Intervenors and offered the Moving Parties and the Guardian-Intervenors the opportunity to respond to the proposed modifications.  All parties responded.

**D.      Post Fairness Hearing Briefing and Final Approval Order**

In the post-Fairness Hearing briefing, the Moving Parties proposed modifications that they contended addressed the concerns of this Court and the Guardian-Intervenors.  The Guardian-Intervenors disagreed.  This Court, however, found that that the Settlement Agreement with the modifications protected any interests of the Guardian-Intervenors that could have been

potentially impacted by the final settlement of the claims between Plaintiffs and Defendants, specifying that the Agreement did not place the Intermediate Care Facility ("ICF") option at risk. The Court, therefore, approved the Settlement Agreement with the proposed modifications. (Final Approval Order, ECF No. 473.)

## II.

The Moving Parties request certification of the Final Approval Order under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that a district "court may direct entry of a final judgment as to one or more, but fewer that all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) should not be used routinely but reserved for the infrequent case where certification serves the interests of justice and judicial administration. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.*, 850 F.2d 1155, 1159 (6th Cir. 1988). The Sixth Circuit directs:

> This court has made it clear that in entering a Rule 54(b) certification, the district court should explain the factors warranting certification. *See Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc.,* 807 F.2d 1279 (6th Cir.1986); *Coalition For Equitable Minority Participation in Architectural Contracts in Tennessee v. Metropolitan Gov't of Nashville,* 786 F.2d 227 (6th Cir.1986) (hereinafter *COMPACT* ); *Solomon v. Aetna Life Ins. Co.,* 782 F.2d 58 (6th Cir.1986). In *Solomon,* we declared:
>
>> We acknowledge that the district court's decision to certify a claim for immediate appeal under Rule 54(b) merits substantial deference. That deference, however, rests on the assumption that the district court undertook to weigh and examine the competing factors involved in the certificate decision. *Certainly a proper exercise of discretion under Rule 54(b) requires the district court do more than just recite the 54(b) formula of "no just reason for delay."*
>
> *Solomon,* 782 F.2d at 61 (citations omitted, emphasis supplied).

*Id.*

4

Certification under Rule 54(b) requires two steps: "the district court must expressly direct the entry of final judgment as to one or more but fewer than" all of the claims in the case and then the court must expressly find that there is no just reason to delay an appeal. *Gen. Acquisition, Inc. v. GenCorp., Inc.,* 23 F.3d 1022, 1027 (6th Cir.1994).

### III.

As explained below, the Court determines that this is the infrequent case where certification serves the interests of justice and judicial administration.

**A.**     **Final Judgment**

Initially, the Court explicitly directs entry of final judgment as to all claims between the Moving Parties. As set forth above, the Court has implicitly entered judgement on all claims between the Plaintiffs, the Plaintiff Class, the Defendants and the County Board-Intervenors when it resolved those claims:

> For the reasons set forth above, in light of the factual, legal, practical, and procedural considerations raised by this suit, the Court concludes that the Modified Settlement Agreement is a fair, reasonable, and adequate resolution of the class members' claims, is in the public interest, and does not harm the rights of any non-class members. The Court finds that although the Guardian-Intervenors are not a part of this settlement, the Modified Settlement Agreement memorializes the State Defendants' commitment to continue to provide the ICF choice to Ohioans and the Agreement does nothing to threaten the ICF choice for non-class members and those whose interests are represented by the Guardian-Intervenors.

(Final Approval Order at 16, ECF No. 473.)

**B.**     **Delay**

This Court is next required to determine if there is no just reason for delay of an immediate appeal. The Sixth Circuit has directed as follows:

> The [district] court was required to consider a nonexhaustive list of factors, such as: (1) the relationship between the adjudicated and non-adjudicated claims; (2) the possibility that the need for appellate review might become moot due to future developments in the district court; (3) the possibility that the appellate court

> might be required to hear the same issue twice; (4) the presence or absence of a claim or counterclaim that might result in a set-off against the final judgment; and (5) other miscellaneous factors, including "delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.,* 807 F.2d 1279, 1283 (6th Cir. 1986).
>
> The district court listed four of these five factors in its Rule 54(b) judgment, recognizing that Rule 54(b) "is intended 'to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants.' " *Good v. Ohio Edison,* 104 F.3d 93, 95 (6th Cir. 1997) (quoting *Day v. NLO, Inc.,* 3 F.3d 153, 155 (6th Cir. 1993)).

*U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 596 (6th Cir. 2013).

First, the Guardian-Intervenors rely on this Court's observations when permitting them to intervene that there is a relationship between their claims and those of the Plaintiffs. However, just because there is sufficient relationship to permit intervention does not mean that the claims could not be fully and fairly adjudicated independently. As the Final Approval Order quoted above states, the Settlement Agreement resolved fully all claims between the Plaintiffs, the County Board-Intervenors, and the Defendants. The Court further specified that although these claims were resolved, the litigation between the Guardian-Intervenors and the Defendants remained pending, stating:

> As to the dispute between the Defendants and the Guardian-Intervenors, the Court shall reactivate the currently pending motions to dismiss and move forward with that dispute.

(Final Approval Order at 16, ECF No. 473.) Thus, this factor weighs in favor of a finding of no just cause for delay of certification.

Second, there is no possibility that the need for appellate review might become moot due to future developments in this Court vis-à-vis the Intervenor-Guardians' cross claims. This Court has determined that the Settlement Agreement may be implemented without harm to non-

6

class members represented by the Guardian-Intervenors. Similarly, there is also no possibility that the appellate court might be required to hear the same issue twice because the Settlement Agreement resolved all of the Plaintiffs' claims against the Defendants, which are independent of the cross claims brought by the Guardian-Intervenors. Thus, the second and third factor too weigh in favor of a no just reason for delay of certification.

Likewise, no delay in certification is supported because no party contends that there is a potential set-off against the final judgment.

And, last, the remaining equities favor no delay to certification; this case has been before this Court for over four years and the Court and the Moving parties are interested in finality of the Plaintiffs' claims. With that segment of the litigation final, the Court and the remaining parties may focus on the litigation that remains.

Consequently, under the facts of this case, with all factors weighing in favor of certification, the Court finds that there is no just reason to delay the opportunity for a potential appeal.

## IV.

Based on the foregoing, the Court **GRANTS** the Joint Motion for Rule 54(b) Certification. (ECF No. 478.) The Clerk is **DIRECTED** to **ENTER JUDGMENT** on the claims brought by Plaintiffs. The cross claims filed by the Guardian-Intervenors remain pending.

**IT IS SO ORDERED.**


**8/6/2020**                                                s/Edmund A. Sargus, Jr.
**DATE**                                                   **EDMUND A. SARGUS, JR.**
                                                             **UNITED STATES DISTRICT JUDGE**