UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT
EASTERN DIVISION

**PHYLLIS BALL, et al.,**

    **Plaintiffs,**

v.

Civil Action 2:16-cv-282
**JUDGE EDMUND A. SARGUS, JR.**
**Chief Magistrate Judge Elizabeth P. Deavers**

**JOHN KASICH, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Guardian's Motion for Reconsideration (ECF No. 493) of this Court's Opinion and Order (ECF No. 486) that granted in part and denied in part Defendants' Motions to Dismiss (ECF Nos. 353, 354, 355). Based on the following, the Court **DENIES** the Guardian's Motion. (ECF No. 493.)

### I.

This case involves two groups of individuals with developmental disabilities who are not satisfied with Ohio's administration of its developmental-disability system. One group, Plaintiffs and Disability Rights Ohio, filed this case alleging that Ohio's system violates federal law because it is allegedly too reliant on Intermediate Care Facilities ("ICFs") at the expense of integration into the community for disability services.

The other group, who intervened as representatives of individuals who prefer institutional care in ICFs ("Guardians"), alleges that Ohio's system violates the same federal law because it is fails to inform people of the ICF choice, leaving them only the option of community-based care through waivers or wait lists for those waivers.

A.	**Initiation of this Lawsuit**

On March 31, 2016, Disability Rights Ohio filed this case on behalf of six individually named Plaintiffs and the Ability Center of Greater Toledo seeking declarative and injunctive relief against and the Directors of the Ohio Department of Developmental Disabilities, the Ohio Department of Medicaid, and Opportunities for Ohioans with Disabilities (together "State of Ohio") and the Governor of Ohio.  Plaintiffs alleged that Ohio's administration, management, and funding of its service system for people with intellectual and developmental disabilities such as themselves put them at serious risk of segregation and institutionalization in violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, *et seq*. and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.2 as interpreted by the Supreme Court's decision in *Olmstead v. L.C.,* 527 U.S. 581 (1999).  Plaintiffs also moved under Title XIX of the Social Security Act ("Medicaid Act"), 42 U.S.C. 1396, *et seq*.,

The Ohio County Boards Serving People with Developmental Disabilities ("County Boards") moved to intervene, which was opposed by Plaintiffs.  (ECF Nos. 68, 73.)  After full briefing (ECF No. 79), this Court permitted the County Boards to intervene (ECF No. 261), adding them to the existing Defendants.

The Guardians, representing individuals who prefer institutional care in ICFs,  also moved to intervene.  (Mot. Intervene 5, ECF No. 107; Individual Guardian Docs., ECF Nos. 123, 125–29, 138, 139, 141–44, 146–48, 152–53, 155, 160, 161, 166–70, 172–77, 182–86, 192–220, 223–32, 234–41, 243–45, 247–49, 251–60).  Defendants supported the Guardians' request to intervene, but only for the purpose of opposing Plaintiffs' request for class certification.  (ECF No. 130.)  Plaintiffs opposed intervention.  (ECF No. 131.)  The Court granted intervention to the Guardians in July 2017.  (Opinion and Order, ECF No. 261.)

B.  **The Guardians' Crossclaims**

The Guardians filed a Third-Party Complaint with Crossclaims against the State of Ohio, the Governor of Ohio, and the Intervenor County Boards. (ECF No. 326.) The Guardians alleged that Ohio has systematically denied ICF services, by failing, in their view, to assure that individuals who qualify for ICF services are informed of that qualification so that they may be provided that ICF service if they so choose. Guardians aver that the County Boards routinely fail to provide information about ICFs to eligible individuals so that the individuals know they have a choice to reside in an ICF, and instead only provide information related to the individual's qualification for waiver services, *i.e.*, community-based options or wait lists for community-based options.

The State of Ohio, the Governor of Ohio, and the County Boards, all moved for dismissal of the Guardians' crossclaims. (ECF No. 353, 354, 355.) After full briefing, and at the request of the parties, the Court stayed decision on the motions to dismiss so that all parties could engage in settlement negotiations. Following extensive settlement negotiations, all parties entered into a settlement as a complete and final resolution of all matters. The Court granted the unopposed request of the Plaintiff Class, Defendants, and the County Boards for Preliminary Approval of the Class Action Settlement Agreement (ECF Nos. 396, 407, 408) on October 18, 2019 (ECF No. 409).

The following month, the Guardians withdrew from their agreement to settle. At the parties' request, the Court vacated the stay on the motions to dismiss of the State of Ohio, the Governor of Ohio, and the County Boards. The Court issued its decision that dismissed the Guardians' claims brought pursuant to the ADA and the Rehabilitation Act and permitted to go forward the claim filed under the Medicaid Act. The Guardian's ask the Court to reconsider its

dismissal of the ADA and Rehabilitation Act claims. (ECF No. 493.) That motion is fully briefed. (Def.s' Mem. in Opp., ECF No. 499; Guardians' Reply, ECF No. 500).

## II.

Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004) *Rodriguez,* 89 Fed. Appx. at 959. A district court's authority to reconsider its previous orders has been recognized to afford such relief as justice requires. *Id.* 952. Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

## III.

The Guardians do not offer any intervening change in law or newly available evidence. Instead, they argue that the decision dismissing their ADA and Rehabilitation Act claims constituted error "[b]ecause the Court considered Guardians' claims as *mis*characterized by defendants." (Reply at 3, ECF No. 500.) They maintain that "[w]hen properly considered, Guardians state valid, straightforward ADA (and Rehabilitation Act) claims." *Id*. The guardians, however, merely restate the arguments this Court already considered and rejected.

Motions for reconsideration are not substitutes for appeal nor are they vehicles to rehash rejected arguments. *Savage v. United States*, 102 Fed. Appx. 20, 23 (6th Cir. 2004) ("A motion for reconsideration that merely presents the same issues ruled upon by the Court,

4

either expressly or by reasonable implication, shall be denied." (cleaned up)); *Am. Marietta Corp. v. Essroc Cement Corp.*, 59 Fed.Appx. 668, 671 (6th Cir. 2003) ("[A] motion to reconsider should not be used to re-litigate issues previously considered.").

## IV.

Based on the foregoing, the Court **DENIES** the Guardian's Motion for Reconsideration. (ECF No. 493.) The remaining dispositive motions (ECF No. 547, 548) directed at the remaining claim will be considered by the Court forthwith.

    **IT IS SO ORDERED.**

**11/14/2022**                                                                          **s/Edmund A. Sargus, Jr.**
**DATE**                                                                            **EDMUND. A. SARGUS, JR.**
                                                                                        **UNITED STATES DISTRICT JUDGE**